FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION     98 SEP 30 PM 4: 06

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

OCT 1 1998

| | | |
|---|---|---|
| KAREL O'NEILL, mother and next friend of PATRICIA L. O'NEILL, a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| IRA F. SIMMONS MIDDLE SCHOOL et al., | ) ) ) | 97-C-3049-S |
| Defendants. | ) | |

**MEMORANDUM OF OPINION GRANTING MOTION TO DISMISS**

This action is brought by Karen O'Neill on behalf of her minor daughter, Patricia L. O'Neill. Over a period of three academic years, in two separate schools operated by the defendants, Patricia L. O'Neill was allegedly subjected to sexual harassment by her male classmates and a sexually hostile educational environment. Suing under 20 U.S.C. § 1681(a) of the Education Amendments of 1972 ("Title IX"), 42 U.S.C. § 1983, and Alabama state law, the plaintiffs seek relief against the defendants Ira F. Simmons Middle School ("Simmons"), its principal, its seventh and eighth grade

15

unit principals, three of its counselors, one of its teachers, the Hoover (Alabama) Board of Education ("the board"), and its superintendent.

The defendants have moved for summary judgment.

Because the court finds that the material facts are undisputed and the defendants are entitled to judgment as a matter of law, the motion must be granted.

I[1]

During her sixth, seventh, and eighth grades while a student at Simmons, Patricia O'Neill was sexually harassed by her male classmates. Her teacher, counselor, and principals had actual or constructive knowledge of the harassment but failed to take appropriate corrective action. During her ninth grade year at Hoover High School, Patricia O'Neill was again subjected to sexual harassment at the hands of her male classmates. Hoover High School failed to take appropriate corrective action.

The sexual harassment of Patricia O'Neill was so pervasive and severe that it created an abusive educational

---

[1] In this section, the court assumes as true the facts alleged in the complaint.

environment and caused her to suffer severe emotional distress and her grades to decline.

## II

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance." 20 U.S.C. § 1681 (1994).

Without question, the Hoover school system receives federal financial assistance.

But the Eleventh Circuit, in a decision binding on this court, has squarely held that Title IX does not apply where the allegation is that the school board or administrators failed to adequately respond to a student's complaints of discrimination by other students. *Davis v. Monroe County Bd. of Educ.*, 120 F.3d 1390 (11th Cir. 1997). In *Davis*, the circuit, sitting *en banc*, held that Title IX does not cover student-student sex harassment.

Title 42 Section 1983 of the United States Code ("Section 1983") is of no comfort to the plaintiff. In order to proceed

against the individual defendants under that statute, the plaintiff would be required to overcome the awesome doctrine of qualified immunity.  *Lassiter v. Alabama A&M Univ. Bd. of Trustees*, 28 F.3d 1145, 1149 (11th Cir. 1994).  The plaintiff concedes that she is unable to show that the defendants violated clearly established law.  Thus, the Section 1983 claim fails.

The only remaining claims are brought under state law.  A state court is in the best position to dispose of them.

Accordingly, this action will be dismissed, without prejudice to the plaintiff's right to seek adjudication of her state law claims in a state forum.

DONE this ___30th___ day of September, 1998.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON